UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRANDI ANN MULLEN,            )
                              )
    Plaintiff,                )
                              )
  v.                          )    CIVIL NO. 1:16cv172
                              )
CAROLYN COLVIN, Acting        )
Commissioner of Social Security, )
                              )
    Defendant.                )

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. Gotshaw v. Ribicoff, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); Garcia v. Califano, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. See Jeralds v. Richardson, 445 F.2d 36 (7th Cir. 1971); Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." Garfield v. Schweiker, 732 F.2d 605, 607 (7th Cir. 1984) citing Whitney v. Schweiker, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rhoderick v. Heckler, 737 F.2d 714, 715 (7th Cir. 1984) quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); see Allen v. Weinberger, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." Garfield, supra at 607; see also Schnoll v. Harris, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant met the insured status requirements of the Social Security Act through December 30, 2009.

2. The claimant has not engaged in substantial gainful activity since June 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: obesity, migraines and plantar fasciitis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 50 pounds frequently [sic]. The claimant can sit for 8 hours in a workday, 4 hours at a time; stand for 6 hours in a workday, 3 hours at a time and walk for 6 hours in a workday, 3 hours at a time. The claimant can frequently operate foot controls, balance, stoop, kneel and crouch as well as tolerate exposure to moving mechanical parts, humidity and wetness, extreme heat, cold and vibration. The claimant can occasionally climb ladders/ropes/scaffolds, use ramps or stairs, crawl and tolerate exposure to unprotected heights.

6. The claimant is capable of performing past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f).

(Tr. 20-26).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff, proceeding *pro se*, filed her opening brief on October 19, 2016. On December 28, 2016, the defendant filed a memorandum in support of the Commissioner's decision, and on January 11, 2017, Plaintiff filed her reply. Upon full review of the record in this cause, this

court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. See Singleton v. Bowen, 841 F.2d 710, 711 (7th Cir. 1988); Bowen v. Yuckert, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

Nelson v. Bowen, 855 F.2d 503, 504 n.2 (7th Cir. 1988); Zalewski v. Heckler, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord Halvorsen v. Heckler, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step four was the determinative inquiry.

Neither party has summarized the medical evidence but have, rather, referred to the relevant record evidence where necessary. This court will follow suit.

In support of reversal or remand, Plaintiff claims that the ALJ: (1) failed to properly consider vocational expert (VE) testimony at step four; (2) made typographical errors in describing Plaintiff's residual functional capacity (RFC); (3) did not properly evaluate Plaintiff's subjective complaints; and (4) did not properly evaluate the opinion of the medical expert and a chiropractor.

Considering Plaintiff's first argument, that the ALJ failed to properly consider VE

4

testimony, it is clear that the ALJ properly considered the VE testimony at step four. In his decision, the ALJ compared the RFC with the mental and physical demands of Plaintiff's past relevant work as a cashier and found that Plaintiff could return to such work as it is generally performed in the national economy. In making his determination, the ALJ relied on the testimony of the VE, Dale Thomas, who testified in Plaintiff's second administrative hearing held on May 30, 2013 (Tr. 25-26, 74-77). Plaintiff argues that the ALJ erred by failing to "acknowledge that there was another vocational expert that testified at the October 2012 hearing [Judy Findora]." Plaintiff's Brief (Pl's. Br.) at 2. Plaintiff also takes issue with the fact that the ALJ did not accept Ms. Findora's testimony that Plaintiff's cashier job should not be considered past relevant work.

However, as the Commissioner notes, the ALJ referred to the October 2012 hearing on the first page of his decision. The Commissioner asserts that it is reasonable to assume that the ALJ considered Ms. Findora's testimony as part of that hearing. In any event, the ALJ was not required to give any particular weight to Ms. Findora's or Mr. Thomas' statements, as the ALJ was not required to rely solely on a VE's testimony in making his step four determination. *Schroeter v. Sullivan*, 977 F.2d 391 (7th Cir. 1992) ("In making a finding as to job requirements, the Secretary is to consider the testimony of claimant as well as supplemental sources of information, such as the United States Department of Labor's Dictionary of Occupational Titles (DOT)").

Plaintiff further contends that her work as a cashier should not have been considered "past relevant work" to which she could return because it lasted only a few months. Pl.'s Br. at 7. The Commissioner's regulations provide that past work is relevant if it "lasted long enough for you to be able to do it." 20 C.F.R. §§ 404.1565(a), 416.965(a). Plaintiff reported in her

5

disability paperwork that she had worked as a cashier during the summer of 2002 and again during the summer of 2008 (Tr. 277). Plaintiff reported that she had worked 40 hours per week in 2002 and 32 hours per week in 2008 (Tr. 281-82). As Mr. Thomas testified at the May 30, 2013, administrative hearing, the cashier job is described in the Dictionary of Occupational Titles (DOT) as a job with a specific vocational preparation level of 2 (Tr. 75), which means the job can be learned in 30 days or less. DOT § 211.462-010, 1991 WL 671840. The evidence supports the ALJ's finding that Plaintiff had worked long enough to learn the cashier job, making it past relevant work to which she could return (Tr. 25). Thus, Plaintiff's suggestion that the durational requirement is not met has no merit. Plaintiff has the burden of proof to show that she cannot perform her past relevant work (Tr. 26). *Barnhart v. Thomas*, 540 U.S. 20 (2003).

Next, considering Plaintiff's contention that the ALJ's RFC analysis contains typographical errors, the court finds that the errors do not warrant a remand. The Commissioner acknowledges Plaintiff's point that, in reference to Plaintiff's RFC, the ALJ's decision twice states that Plaintiff had the ability to "carry 20 pounds occasionally and 50 pounds frequently" (Tr. 22, 25). See Pl.'s Br. 3. However, when the decision is read as a whole, the ALJ's determination of Plaintiff's capabilities is clear. *Rice v. Barnhart*, 384 F. 3d 363, 370 n.5 (7th Cir. 2004). The Commissioner notes that, in his analysis assessing Plaintiff's RFC, the ALJ gave substantial weight to the medical source statement of Anne Winkler, M.D. (Tr. 25). In that statement, Dr. Winkler opined that Plaintiff had the ability to lift/carry 20 pounds frequently and 50 pounds occasionally (Tr. 25, 711). As such, it is clear that the ALJ intended to assign an RFC consistent with light or medium work. The ALJ likely made a typographical error consisting of inverting the number of pounds Plaintiff could lift occasionally and frequently, which does not

6

warrant remand. *See Fox v. Heckler*, 776 F.2d 738 (7th Cir. 1985) (ALJ decision must be read as a whole); *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 514 (7th Cir. 1999).

Next, Plaintiff claims that the ALJ did not properly evaluate her subjective complaints. As part of his RFC determination, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible (Tr. 23-24). "An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004). The regulations and Social Security Ruling 96-7p set forth the Agency's policy for evaluating a claimant's symptoms and assessing the credibility of his statements. In the present case, the ALJ reasonably articulated and considered the evidence as it applied to the factors set forth in the regulations (Tr. 22-25).

The ALJ considered several factors in assessing Plaintiff's credibility, including her subjective statements to medical providers and at her administrative hearing regarding her symptoms and functional limitations (Tr. 22-25). In addition, the ALJ considered the following factors: the objective medical evidence; Plaintiff's medications and their effectiveness; her treatment history; her activities of daily living; and the record medical opinions (Tr. 22-25).

Plaintiff first takes issue with one of the reasons the ALJ provided for his adverse credibility finding – daily activities (Tr. 23-24). Pl.'s Br. at 3. However, as the ALJ noted, in response to the question of who does most of the housework, Plaintiff responded that she did (Tr. 24, 51). As such, the ALJ did not overstate Plaintiff's abilities. He was permitted to consider Plaintiff's documented daily activities as one of several proper credibility factors. *See Molnar*

7

*v. Astrue*, 395 Fed. App'x 282, 288 (7th Cir. 2010) (the ALJ was permitted to consider whether the claimant's daily activities such as light household chores and cooking were inconsistent with her alleged inability to work); *see also Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000)(same).

Plaintiff also takes issue with the ALJ's consideration of her statements regarding the frequency and intensity of her migraine headaches (Tr. 24). In particular, the ALJ noted Plaintiff's testimony at the hearing:

> Q: So, you tend to feel okay for just the first two or three hours of everyday?
>
> A: If I don't wake up with the pain, yes, like I did this morning.

(Tr. 24, 49). The ALJ noted that Plaintiff did not "express any overt pain symptoms or appear to have difficulty sitting through the hearing" (Tr. 24). The Seventh Circuit has long held that an ALJ may properly rely on his own personal observations at the hearing in making his credibility determination. *Ehrhart v. Sec'y of Health & Human Servs*, 969 F.2d 534, 541 (7th Cir. 1992); *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000).

Plaintiff also suggests that the ALJ failed to properly consider the side effects of her medication. Pl.'s Br. at 5-6. There was significant discussion at the hearing regarding the particular medications Plaintiff was taking, as well as some discussion of the side effect of nausea (Tr. 52-60). Plaintiff also reported, as the ALJ correctly noted, that her physician had reduced her dosage of Amitriptyline (Tr. 56-57).The record shows that the ALJ specifically and sufficiently addressed all of the evidence that Plaintiff points out. *See Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) (finding meritless the claimant's disagreement with the significance that the ALJ attributed to her physical therapy and fibromyalgia).

The ALJ also considered the nature and frequency of Plaintiff's treatment. In particular,

8

the ALJ noted that Plaintiff received an occipital nerve block from Paul E. Later, M.D., in September 2012, and did not return to see him again for another year (Tr. 23, 480, 536). Thus, the ALJ reasonably concluded that the nerve block helped Plaintiff's symptoms and, therefore, she did not need to return for follow-up sooner (Tr. 23). The ALJ's conclusion was consistent with treatment notes reflecting that Plaintiff reported improvement after the nerve blocks (Tr. 23, 539). Contrary to Plaintiff's assertion, the ALJ made no reference to "noncompliance."Rather, the ALJ properly considered the nature and effectiveness of Plaintiff's treatment in making his credibility determination. *See Prochaska v. Barnhart*, 454 F.3d 731, 737 (7th Cir. 2006) (controllable conditions are not disabling).

Plaintiff also argues that the ALJ erred by neglecting to elicit testimony from her family members who lived with her. Pl.'s Br. at 7-8. However, Plaintiff cites no legal authority to support her argument that an ALJ was required to elicit lay testimony from her family members. Moreover, she does not explain how such additional testimony would have changed the ALJ's credibility determination or the ALJ's ultimate disability decision.

This court finds that the ALJ sufficiently articulated his consideration of Plaintiff's subjective statements, and substantial evidence supported his assessment (Tr. 17-22). The court "defer[s] to an ALJ's credibility determination and shall overturn it only if it is patently wrong. [It] therefore should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) (citation and internal quotation omitted). In the present case, the ALJ's determination was sufficiently explained and supported.

Lastly, Plaintiff argues that the ALJ did not properly evaluate the opinion of the medical

9

expert and a chiropractor. In analyzing the record medical opinions, the ALJ acknowledged that Ann Winkler, M.D., provided responses to a medical interrogatory in which she opined that Plaintiff could carry up to 50 pounds occasionally and 20 pounds frequently; could sit for eight hours in a workday; stand for six hours in a workday; and walk for six hours in a workday (Tr. 25, 699, 711-19). The ALJ accorded substantial weight to Dr. Winkler's opinion because it was consistent with the evidence as a whole (Tr. 25).

Plaintiff claims that the ALJ erred in giving Dr. Winkler's testimony weight because she is a rheumatologist rather than a neurologist, and asserts that the ALJ cherry-picked Dr. Winkler's testimony. Pl.'s Br. at 4-5. However, the Agency assesses a reviewing physician's opinion for supportability and consistency with the other substantial record medical evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. Dr. Winkler testified that she had experience with neurology because many rheumatologic diseases affect the nervous system (Tr. 71). Further, as the ALJ noted, Dr. Winkler's opinion is consistent with treatment records showing that Plaintiff's migraine headaches improved with chiropractic treatment and occipital nerve blocks (Tr. 23, 450, 539). Plaintiff's argument ignores the substantial evidence in the record upon which the ALJ relied.

The ALJ also acknowledged that Plaintiff's chiropractor, Gerald Jansen, P.C., submitted a letter in which he opined that Plaintiff's only work-related limitation was that she could not perform repetitive heavy lifting (Tr. 24, 450). The ALJ gave great weight to Dr. Jansen's opinion because of Plaintiff's treating relationship with him and because he found his opinion was consistent with the record evidence as a whole (Tr. 24). Plaintiff argues that the ALJ erred by giving Dr. Jansen's opinion great weight because he did not take into account Dr. Jansen's contrary statement that Plaintiff was unable to be a "reliable employee" (Tr. 450). However,

contrary to Plaintiff's assertion, Dr. Jansen did not state that Plaintiff was unreliable but instead simply stated that her "headaches and neck pain can certainly be disruptive to a work schedule" (Tr. 450). More importantly, Dr. Jansen's conclusion that Plaintiff's only work-related limitation was heavy lifting is consistent with other record evidence showing normal objective examinations and treatment records showing successful treatment of Plaintiff's migraine headaches (Tr. 450, 466, 539).

Additionally, Plaintiff's argument ignores that the ALJ was "not required to rely entirely on a particular physician's opinion or choose between the opinions any of the claimant's physicians" in making his RFC determination. *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007); *Diaz v. Chater,* 55 F.3d 300, 306 n.2 (7th Cir. 1995). Although the ALJ must give consideration to the opinions of medical sources in evaluating whether a claimant is disabled, the final responsibility for deciding a claimant's specific work-related or RFC limitations is reserved to the Agency. *See* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2); *Diaz*, 55 F.3d at 306, n.2. In the present case, the ALJ considered the record as a whole and articulated the evidence he considered in weighing the record medical opinions and ultimately gave significant weight to the medical expert and chiropractor's opinions (Tr. 24-25). He also reasonably articulated the medical and nonmedical evidence he considered and relied upon in reaching his RFC assessment (Tr. 24-25).

Accordingly, for all the above reasons, the ALJ's decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: February 27, 2017.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court